## IN THE UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **G.S., ET AL** | ) | **CASE NO 5:26-cv-00267** |
| | ) | |
| | ) | **JUDGE LIOI** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **MOTION TO DISMISS AND** |
| | ) | **SUPPORTING MEMORANDUM** |
| **STARK COUNTY BOARD OF** | ) | **OF DEFENDANTS STARK DD BOARD,** |
| **DD, ET AL** | ) | **ASHLEY HAHE, EDWARD LEWIS,** |
| | ) | **AND WILLIAM GREEN** |
| **Defendants.** | ) | |

Now come Defendants (collectively "SCBDD Defendants" or "Stark County Defendants"), STARK COUNTY BOARD OF DEVELOPMENTAL DISABILITIES (hereinafter "SCBDD"), ASHLEY HAHE (hereinafter "Hahe"), EDWARD LEWIS (hereinafter "Lewis"), and WILLIAM GREEN (hereinafter "Green"), by and through counsel, Kyle L. Stone, Stark County Prosecuting Attorney, and hereby move this Court to dismiss the Complaint of Plaintiffs G.S., A.S., C.S., and CATHERINE SMITH (hereinafter "Smith") pursuant to Civ.R. 12(b)(6) as set out in the accompanying memorandum:

Respectfully submitted,

KYLE L. STONE (No. 0095140)
Stark County Prosecuting Attorney
By:   s/Aaron J. Violand_____
Aaron J. Violand (No. 0088964)
John Lysenko (No. 0071447)
Assistant Prosecuting Attorneys-Civil Division
110 Central Plaza South, Suite 510
Canton, OH 44702
(330) 451-7915 • (330) 451-7225 fax
*jlysenko@starkcountyohio.gov*
*ajvioland@starkcountyohio.gov*
**Attorneys for SCBDD Defendants**

**MEMORANDUM IN SUPPORT**

### I.     <u>The Nature of the Case and Relevant Factual Allegations.</u>

Plaintiff Smith pleads individually and on behalf of her three minor children for this Court to grant relief based on an incident that occurred at her home on the afternoon of August 28, 2024 which lasted approximately 15 minutes wherein she was visited by an SSA from SCBDD. Complaint ¶s 22 and 40; Doc. #1.  According to Smith, she had received an email the day before from the SSA notifying her that the SSA, Hahe, would be visiting her at Smith's home within the following week or so to assess support being provided to G.S. and asking for Smith to reach out if she had any questions.  *Id*. at ¶ 21.  After Hahe arrived at Smith's home and spoke briefly with Smith, Smith allowed Hahe to enter the home.  *Id.* at ¶s 25-37.  It is unclear from the Complaint whether Smith gestured and/or ushered Hahe into the home or if Smith made an affirmative statement to Hahe that Hahe could enter the home.  It is clear that Smith unlocked the storm door and allowed Hahe to enter. *Id.* ¶s 23 and 37.

However, there are no allegations within the facts of the Complaint suggesting that Smith did not consent to Hahe entering or that Smith stated to Hahe that she could not enter or was unwelcome in the home.  There is no indication in the facts of the Complaint that Hahe's alleged 'illegal search' extended anywhere beyond Smith's kitchen where she spoke with Smith regarding the service plan of G.S. and documents needed for the upcoming waiver period.  *Id*. at ¶s 37-40. The Complaint does momentarily speak to Smith's subjective thought processes as these events unfolded.  *Id.* at ¶s 36 and 42. Also notably absent from the Complaint are any allegations/statements that Smith's minor child G.S. has had Medicaid IO Waiver Benefits taken away or has been prevented from participating in that program.  As this ties directly to at least four of the eight causes of action leveled against Defendants SCBDD, Hahe, Lewis, and Green, it bears

mentioning here.

**II.      Applicable Legal Standard for Rule 12 Motions.**

To survive a Rule 12 motion seeking dismissal, Plaintiffs' Complaint must allege facts sufficient to show that their claims have "substantive plausibility." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544 (2007); *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009).

Plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Twombly,* 550 U.S. at 556. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678.) Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 556 U.S. at 679; see also*, Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009).

In evaluating plausibility, a court need not accept as true "a legal conclusion couched as a factual allegation," nor "recitations of the elements of a cause of action." *Twombly*, supra, 550 U.S. at 555. See also, *Iqbal,* 556 U.S. at 678 and *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A plaintiff must provide more than labels and conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* supra, 556 U.S. at 678. Thus, when allegations are conclusory in nature, they are "disentitle[d]" "to the presumption of truth." *Iqbal,* 556 U.S. at 681.

**III.     Argument**

3

### a. **1st Cause of Action – Fourth Amendment/Illegal Search**

Plaintiff Smith alleges that the visit by SSA Hahe was an illegal search of her home which violated her and her minor children's rights under the Fourth Amendment.  The facts as presented show that Smith consented to Hahe entering her home to speak with Smith and G.S. about G.S.'s service plan.  It appears that Smith limited the scope of Hahe's search to the kitchen and only allowed it for the purpose of discussing G.S.'s needs and service plan.  "Consent from an individual whose property is to be searched or from a third party who possesses common authority over the premises validates a search that would otherwise be considered unreasonable and unconstitutional." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 547 (6th Cir. 2003) citing *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). "The Fourth Amendment does not prohibit all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).  When determining the reasonableness of a search, an objective standard is applied and the question to be asked is "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" See *Florida v. Jimeno,* 500 U.S. 248, 251 (1991).

Smith claims that she had no 'prior knowledge' that Hahe would be visiting her home, that the visit was 'unannounced', and that Hahe 'forced' her way into the home.  See Complaint ¶s 15, 83, 86, and 98. However, by her own admission, Smith was notified the day before that Hahe would be coming to her house to discuss the needs and support of G.S. and there is no indication that any force was used by Hahe to enter Smith's home.  *Id.* at ¶21.

As the SSA for G.S., Hahe was required to assess her "(c) Safety and security (safety and emergency skills; behavioral well-being; emotional well-being; supervision considerations), (d) Social and spirituality (personal networks, activities and faith; friends and relationships) . . . [and]

(f) Community living (life at home; getting around)." Ohio Admin.Code 5123-04-02(F)(2)(a)(ii). It would be nearly impossible for an SSA to perform these required tasks without visiting the home of the waiver recipient.  An SSA may conduct reviews of an individual's ISP by way of "Face-to-face visits, occurring at a time and place convenient for the individual, at least annually or more frequently as needed by the individual; and Contact via phone, email, or other appropriate means as needed."  Ohio Admin.Code 5123-04-02(F)(2)(q)(ii)(a) and (b).

Based upon the foregoing law, this cause of action brought by Plaintiffs fails to state a claim against Ashley Hahe, Edward Lewis, William Green, and/or SCBDD and should be dismissed.

### b.   2nd, 3rd, 5th, and 9th Causes of Action – Procedural Due Process, Equal Protection, Unconstitutional Conditions, and Fair Housing/Disability Discrimination

Plaintiffs allege through these causes of action that Smith and/or G.S. were deprived of some protected interest related to Medicaid IO Waiver benefits, were intentionally treated differently than similarly situated IO Waiver beneficiaries, that SCBDD Defendants conditioned receipt of these benefits on the surrender of constitutionally protected rights, and/or that SCBDD Defendants made housing unavailable or imposed discriminatory terms, conditions, or privileges of housing because of a disability.  These are legal conclusions that are not grounded in any of the facts presented by Plaintiffs within the Complaint.

In reading through the facts of the Complaint, there is nothing presented which alleges that Smith and/or G.S. have been unable to continue participating in the Medicaid Waiver program.  It is also alleged in the second cause that Edward Lewis and William Green (SCBDD) created a policy which permitted or directed Hahe to conduct alleged unlawful, illegal, and warrantless actions of surveillance against Defendants.  See Complaint ¶s 114-115.  It appears

Smith is arguing that a warrant must be issued for an SSA to enter a Medicaid Waiver recipient's home even after the SSA has knocked and has been given permission to enter from the resident. An SSA is required to monitor the implementation of ISPs and are permitted to do so via home visits, absent a warrant being issued, through rules promulgated by the Ohio Department of Developmental Disabilities.  See R.C. § 5126.15(B)(7) and Ohio Admin.Code 5123-04-02(F)(2)(q)(ii)(a) and (b).  Other than the false legal conclusions set out in the 2nd cause, there is no evidence within the Complaint that Lewis or Green created or implemented any policy or practice directing their SSAs to make 'unannounced' home visits.  Additionally, there has been no law enacted by the General Assembly or rule created by the Ohio Department of Developmental Disabilities requiring notice to be given for these types of visits. The facts are clear that Hahe did notify Smith the day before that she would be coming out to her home soon for a visit with G.S.  Plaintiffs also allege that SCBDD, Lewis, and/or Green should have disciplined Hahe even though she was acting in accordance with the law.  The second cause also references harm experienced and injuries accrued by Plaintiffs, but it is unclear what this harm consists of or what the injuries are.

In Plaintiffs' third cause, they allege equal protection violations and put forth the legal conclusion that SCBDD Defendants discriminated against G.S. by treating her differently than those similarly situated without any rational basis for the difference in treatment and that this disparity is not rationally related to a legitimate governmental purpose.  Complaint ¶s 132-133. They also state that "SCBDD must not exclude qualified individuals with disabilities from participation in, deny them the benefits of, or subject them to discrimination under any of its programs, services, or activities." *Id.* at ¶ 136.  As mentioned above, Plaintiffs have put forth no evidence in the Complaint that G.S. has been denied participation in or has had benefits denied

through the Medicaid Waiver program.  Regarding alleged discrimination through the lens of the equal protection clause of the Fourteenth Amendment, the Complaint also fails to allege facts showing or even suggesting its existence other than the legal conclusions within the 3rd cause of action.  In the Complaint it is not clear whether Plaintiffs are asserting equal protection violations due to alleged disparate treatment between G.S. and other waiver recipients, between G.S. and individuals not receiving waiver benefits, or between G.S. and individuals without disability status.  See *Id.* at ¶s 135, 137-139.  Although Plaintiffs allege that Stark County Defendants treated G.S. differently from similarly situated waiver recipients by conducting a visit at her home, it has not been alleged that other waiver recipients are not subject to home visits from time to time.  In fact, it is likely a common practice as permitted by the Ohio Revised and Administrative Codes to ascertain and monitor the needs of many other recipients of this benefit and to prevent fraudulent practices related to Medicaid services.  While individuals not receiving waiver benefits and those without disability status may not be subject to this type of monitoring, this oversight is certainly rationally related to legitimate governmental purposes.

As disabled individuals are not a suspect class in an equal protection claim, any disparate treatment must be rationally related to a legitimate governmental purpose.  See *H.M. v. Bd. of Education of the Kings Local School Dist.,* 117 F.Supp.3d 992, 1003 (S.D.Ohio 2015) citing *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 366–68, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) and *S.S. v. E. Kentucky Univ.,* 532 F.3d 445, 457 (6th Cir. 2008).  At a minimum, there are two clear legitimate governmental purposes served in monitoring recipients of Medicaid waivers.  The prevention of Medicaid fraud and ensuring that the recipients are being protected and cared for through their services which is being entirely subsidized by taxpayers.  This becomes especially vital when the recipient is a minor or lacks the capacity to care for

themselves. "The power of the state to provide for the general welfare of its people authorizes it to prescribe all such regulations as in its judgment will secure or tend to secure them against the consequences of ignorance and incapacity, as well as of deception and fraud." *Dent v. State of W.Va.,* 129 U.S. 114, 122 (1889).  Protecting the public from fraud is certainly a legitimate governmental purpose if not a compelling one. See *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 694 (6th Cir. 2014).  Plaintiff completely mischaracterize the actions of SCBDD Defendants in stating that Defendants 'have adopted and enforced an unannounced home inspection policy under which Medicaid waiver recipients must submit to searches of their property and home *at any time*, *by any person who shows up*, subjecting themselves and others who live in the home or are present to unlawful governmental intrusion. (emphasis added) Complaint ¶ 137. It is clear from the facts that Hahe's visit was during the daytime on a Wednesday with the SSA assigned to G.S.'s case with whom Smith had had prior correspondence and knew was the SSA assigned to G.S.'s case.

Plaintiffs' fifth cause of action alleges that SCBDD Defendants conditioned the receipt of G.S.'s Medicaid IO Waiver funds and services on the surrender of the constitutional right to be free from unreasonable searches by the government.  *Id*. ¶ 187.  As mentioned above, there has been no evidence presented that the fifteen-minute consult in Smith's kitchen regarding G.S.'s service plan was an unreasonable or illegal search.  Smith consented to the SSA entering her residence to assess G.S.'s ongoing needs and there are zero factual allegations that any of the Stark County Defendants threatened to remove G.S. from the Medicaid IO Waiver Program or made any statements that participation in the Medicaid IO Waiver Program was conditioned upon G.S. giving up any constitutional rights.  This is a manufactured legal conclusion asserted by counsel for Plaintiffs.  Plaintiffs further allege that Stark County Defendants had no lawful

basis for the visit.  As mentioned above, the Ohio Revised Code mandates oversight of such recipients and the Ohio Administrative Code permits visits at the homes of recipients to assess needs and outcomes.  In the administrative-search context, it has been held that a mother's refusal to consent to periodic home visits by social workers which resulted in a loss of welfare benefits did not violate the Fourth Amendment as it did not "descend to the level of unreasonableness." See *Herschfus v. City of Oak Park, Michigan,* 150 F.4th 489, 499 (6th Cir. 2025) citing *Wyman v. James*, 400 U.S. 309, 91 S. Ct. 381, 27 L. Ed. 2d 408 (1971).

In *Wyman,* the Court compared such a situation to an IRS agent auditing a person's tax return.  See *Wyman* at 324, 91 S.Ct. 381. "If an agent can ask to inspect the person's paperwork to confirm his eligibility for a deduction, then a social worker can conduct home visits as a condition of financial aid. In both cases, telling the government 'no' doesn't violate the law. It just results in the cessation of aid. That, the Court found, was reasonable." *Herschfus* at 499. Factors analyzed in *Wyman* included the following; "the home visit aimed to ensure the wellbeing of the child, whom the program primarily provided for, and that the mother's rights shouldn't stand in the way", "the burden imposed by the home visit was light", and "the social worker's visit '[was] not one by police or uniformed authority,' and that the "home visit [was] not a criminal investigation ... [nor] in aid of any criminal proceeding.'" *Wyman* at 318, 321-323. It should be noted again here that G.S.'s benefits have not been terminated, Smith did not say 'no', and Smith consented to the SSA entering her home.

Plaintiffs' ninth cause of action alleges disability discrimination under the Fair Housing Act claiming that Stark County Defendants "made housing 'unavailable,' or imposed discriminatory terms, conditions, or privileges of housing because of disability" and that this was "intentional, had a disparate impact, or involved denial of reasonable accommodation." Complaint ¶ 249.

Once again, the facts simply do not support this legal conclusion. Smith consented to the SSA entering the home and there is no indication that the presence of the SSA in the home for fifteen minutes caused the home to be unavailable to Smith, G.S., A.S., or C.S.

Under each of these causes of action, Plaintiffs' counsel attempts to make an argument that SCBDD, Lewis, and Green have created, directly or tacitly, some policy and/or practice which created an alleged harm to Plaintiffs. However, there are no facts presented to support this. Additionally, each of these claims fail on their underlying alleged violations so an examination of any policy permissions or endorsements is unnecessary. Based upon the foregoing law, these causes of action brought by Plaintiffs fail to state a claim against Ashley Hahe, Edward Lewis, William Green, and/or SCBDD and should be dismissed.

c. **4th Cause of Action – 14th Amendment/Parental Liberty Interest**

The 4th cause of action in this matter has not been asserted against SCBDD Defendants.

d. **6th and 7th Causes of Action – 14th Amendment/Substantive Due Process**

Plaintiffs' sixth and seventh causes assert substantive due process violations against Stark County Defendants making the legal conclusion that the Smiths' fundamental right to privacy was violated through the SSA visit that occurred at her home on August 28, 2024. Id ¶s 212 and 215. United States citizens have an established fundamental right to privacy within their own home. See *Payton v. New York*, 445 U.S. 573, 589 (1980), *Griswold v. Connecticut*, 381 U.S. 479 (1965), *Lawrence v. Texas*, 539 U.S. 558 (2003). However, there are many circumstances in which this right may be forfeited. Consent to enter one's is one such circumstance. See *Shamaeizadeh* at 547. This is what occurred in the present case with regard to SCBDD Defendants. Smith's fundamental right to privacy in her home did not disappear due to some nefarious action, policy, or procedure of SCBDD. Nor did it disappear when SSA Hahe knocked

on Smith's door and sought to come inside to assess G.S. needs and service plan as required under R.C. § 5126.15(B)(7) and permitted through Ohio Admin.Code 5123-04-02(F)(2)(q)(ii)(a) and (b). Smith's right to privacy as related to a substantive due process analysis disappeared when she allowed the SSA to enter her home to assess G.S. From the facts stated in the Complaint, it appears that there was some minor hesitance on the part of Smith. See Complaint ¶ 36. However, the facts do not allege that the SSA was ever made aware of this nor does it allege any resistance/refusal/denial being asserted toward the SSA.

Based upon the foregoing law and facts, this cause of action brought by Plaintiffs fails to state a claim against Ashley Hahe, Edward Lewis, William Green, and/or SCBDD and should be dismissed.

### e. 8th Cause of Action – ADA/504 of Rehabilitation Act

The Plaintiffs' Eighth Cause of Action is a claim for disability discrimination made pursuant to the Americans with Disabilities Act Title II – 42 U.S.C. §12132 (ADA) and Section 504 of the Rehabilitation Act – 29 U.S.C. §794 (RA). Plaintiffs have alleged multiple claims against multiple defendants which include, among others, claims made against particular defendants "in their official and personal capacities". Complaint ¶16-17; Doc.1. It alleges said claims against Defendant Stark County Board of Developmental Disabilities and two individual defendants in both their "official and personal capacities". Said individual Defendants are Edward Lewis and William Green. *Id.* ¶16-17. Allegations are also made against Defendant Ashley Hahe but the Complaint does not distinguish as to whether she is being sued in her official capacity or her individual capacity. *Id.* ¶15. Rather, the Complaint only alleges that Ashley Hahe is a "person" as defined in 42 U.S.C. §1983. *Id.* ¶15.

To the extent that the Plaintiffs' claims pursuant to the ADA and the RA constitute claims against Defendants Ashley Hahe, Edward Lewis, and William Green, these claims should be dismissed.

"The Sixth Circuit has repeatedly held that the ADA does not permit public employees or supervisors to be sued in their individual capacities." *Weideman v. Doak*, 2017 WL 9476864 (N.D.Ohio

11

2017) at 5 citing *Williams v. McLemore*, 247 Fed.Appx. 1, 6 (6th Cir. 2007). This Court has also held that individual defendants are not subject to liability under the ADA or the RA and such a claim against an individual defendant "warrants dismissal". *Nagel v. Cloverleaf Loc. Sch. Dist. Bd. of Educ.*, No. 1:22-CV-866, 2024 WL 4123388, at *6 (N.D. Ohio Sept. 9, 2024), dismissed, No. 24-3888, 2025 WL 1088537 (6th Cir. Apr. 9, 2025) citing and quoting *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA or the RA against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals"); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989)("Because a suit under section 1983 against a defendant 'in his official capacity' is equivalent to a suit against the local government entity, provided that the entity receives notice and an opportunity to respond, the prudent course for a plaintiff who seeks to hold a local government entity liable for damages resulting from an allegedly unconstitutional action under 42 U.S.C. § 1983 would be to name in his pleadings the government entity itself.")

Additionally, these claims are not ripe and would fail as to SCBDD, Ashley Hahe, Edward Lewis, and/or William Green because there are no facts presented in the Complaint which satisfy the elements required to bring forth such claims. In the statement of facts presented by Plaintiff Catherine Smith on behalf of G.S., it is not alleged anywhere that G.S. has been excluded from participation in or denied benefits of SCBDD's services, programs, or activities, or was otherwise discriminated against. See Complaint ¶s 21-51. "A claim is not ripe for adjudication if it 'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *In re E. Palestine Train Derailment*, 2025 WL 89984, *2 (N.D.Ohio Jan. 14, 2025) citing *Texas v. United States*, 523 U.S. 296, 300 (1998).

Based upon the foregoing law, this cause of action brought by Plaintiffs fails to state a claim against Ashley Hahe, Edward Lewis, William Green, and/or SCBDD pursuant to the ADA or the RA and should be dismissed.

### f. 10th and 11th Causes of Action – Retaliation

The 10th and 11th causes of action in this matter do not appear to be asserted against SCBDD Defendants as the heading states "On Behalf of Plaintiffs Joyal-Cousin, Matthew Cousin, and E.J.C.1". However, counsel for Plaintiffs does reference 'County Boards' and 'Defendant Boards' within. Complaint ¶s 274-276, 278, 283. As there have been no facts alleged within the complaint which would support a Retaliation claim against SCBDD Defendants, this cause of action should be dismissed as to SCBDD Defendants.

**WHEREFORE**, SCBDD Defendants respectfully request that this Court grant relief as follows:

A. For an Order dismissing Plaintiff's Complaint against them, in its entirety, with prejudice;

B. For such other and further relief that this Court may deem just and equitable and any other relief the Court may be authorized to grant pursuant to Federal Civil Rule 54(C).

Respectfully submitted,

KYLE L. STONE (No. 0095140)
Stark County Prosecuting Attorney
By: s/Aaron J. Violand_____
Aaron J. Violand (No. 0088964)
John Lysenko (No. 0071447)
Assistant Prosecuting Attorneys-Civil Division
110 Central Plaza South, Suite 510
Canton, OH 44702
(330) 451-7915 • (330) 451-7225 fax
*jlysenko@starkcountyohio.gov*
*ajvioland@starkcountyohio.gov*

**Attorneys for SCBDD Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated

on the electronic filing receipt.

s/Aaron J. Violand_____

Aaron J. Violand (0088964),

Assistant Prosecuting Attorney
